UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60957-CIV-ROSENBAUM

ELIZABETH JENKINS.,

    Plaintiff,

vs.

GRANT THORNTON, LLP, *et al.*,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR WITHDRAWAL FROM MEDIATION AND ORDER DIRECTING CLERK TO APPOINT MEDIATOR

This matter is before the Court on Defendants' Motion for Withdrawal from Mediation [ECF No. 52]. Pursuant to the Court's Order of Referral to Mediation [ECF No. 26] and Local Rule 16.2, S.D. Fla., the parties are required to participate in mediation. In their motion, Defendants request that the Court exempt the case from mediation because mediation in this matter would be futile.

Under Local Rule 16.2(d)(4), S.D. Fla., a court may exempt an action from mediation if it determines that the case is not suitable for mediation. Here, Defendants assert that mediation would be futile because Plaintiff has failed to join a necessary party, Plaintiff has not submitted certain paperwork with respect to her ERP benefits distribution, and the parties hold disparate positions concerning Plaintiff's document-penalty claim. None of these reasons convince the Court that this case is unsuitable for mediation. Mediation is not futile simply because the parties hold contrary stances on the issues to be litigated. The parties in a legal dispute are presumed to have different views of the case, and the purpose of mediation is to attempt to reach a compromise. *See A. Raymond Tinnerman Mfg., Inc. v. TecStar Mfg. Co.*, No. 11-C-0987, 2012 WL 1191617, at *2 (E.D.

Wis. Apr. 10, 2012).  That the issues raised in Defendants' Motion to Dismiss have not yet been ruled upon does not provide sufficient justification to exempt the parties from mediation.  Indeed, the issues raised are entirely suited for dispute resolution before a mediator.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Withdrawal from Mediation [ECF No. 52] is **DENIED**.  The parties are required to schedule a mediation conference in this matter.  The parties have indicated to the Court that they have been unable to agree on a mediator.  The Court thus directs the Clerk of Court to appoint a mediator in this case from the List of Certified Mediators.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of December 2013.

                                                                          _____
                                                                          ROBIN S. ROSENBAUM
                                                                          UNITED STATES DISTRICT JUDGE

Copies to:

The Honorable Patrick M. Hunt

Counsel of record

Elizabeth Jenkins
413 Cameron Drive
Weston, Florida 33326