**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-60957-CIV-ROSENBAUM/HUNT**

ELIZABETH JENKINS,

        Plaintiff,

v.

GRANT THORNTON LLP, *et al.*,

        Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss [ECF No. 11]. The Court has considered the Motion, the parties' briefs, and the Complaint and is otherwise fully advised in this matter. For the reasons explained below, the Court grants in part Defendants' Motion to Dismiss but provides Plaintiff with an opportunity to amend her Complaint.

**I. Background[1]**

In March 2005, Defendant Grant Thornton, LLP, hired Plaintiff Elizabeth Jenkins as the company's Senior Manager and Southeastern Practice Leader for Compensation and Benefits Consulting Services. ECF No. 1 at ¶ 9. *Id.* In November 2007, Plaintiff was in a serious automobile accident and suffered various neurological impairments. *Id.* at ¶ 14. The United States Social Security Administration subsequently declared Jenkins permanently and totally disabled. *Id.* at ¶ 15.

_____

[1] The information contained in this section comes from Plaintiff's Complaint in this action. On a motion to dismiss, the Court accepts the non-conclusory allegations as true and views them in the light most favorable to the plaintiff. *See, e.g.*, *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Jenkins avers that she is entitled to short-term and long-term disability benefits under Grant Thornton's Health and Welfare Benefits Plan. Following the accident, Jenkins initially received short-term disability benefits for the first quarter of 2008, after which she began receiving long-term disability payments. *Id.* at ¶ 17. According to Jenkins, she is entitled to $7,500 per month under the long-term disability plan. Although Jenkins maintains that she was paid this amount in 2008 and 2009, beginning in June 2010, Jenkins alleges that the monthly payments were gradually reduced and ultimately ceased. *Id.* at ¶ 19. In particular, Jenkins states that she is owed $38,084 for 2010, $57,079 for 2011, and $90,000 for both 2012 and 2013, respectively. *Id.* at ¶¶ 19-21.

In addition to her claim to recover benefits under the long-term disability plan, Jenkins also contends that Defendants have not provided her with certain documents as required under the Employee Retirement Income Security Act ("ERISA"), that Defendants are liable for "security breaches" with respect to her personal information, that Jenkins was improperly prohibited from taking her pension-plan distribution, and that Defendants breached their fiduciary duties under ERISA.

Defendants move to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to join a necessary party and that Defendant Grant Thornton is not a proper party to this action, that no claims exists as to Defendant Stephen Chipman, and that Plaintiff fails to state a cause of action regarding her breach-of-fiduciary-duty, document-penalty, and security-breach claims.

## II. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court must limit its consideration to the pleadings and exhibits attached to the pleadings and, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  Upon engaging in this analysis, a court should deny a motion to dismiss where the pleading asserts non-conclusory, factual allegations, that, if true, would push the claim "across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570) (explaining that allegations in a complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

## III. Discussion

### A. Failure to Join a Necessary Party

Defendants contend that the Complaint should be dismissed because Jenkins has not joined a necessary party to the litigation.  In particular, Defendants maintain that Hartford Insurance Company is the proper defendant in this case, as Hartford is the claims administrator and insurer of Jenkins's long-term disability benefits.  ECF No. 11 at 3.  In support of this position, Defendants filed a copy of the Grant Thornton Long Term Disability Plan ("Plan"), which they state was the controlling plan at the time that Jenkins became disabled.  *See* ECF No. 11-1.  Although the Plan lists Grant Thornton as the plan administrator, it explicitly grants Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of The Policy." *Id.* at 31.  Because the Plan vests total discretion in Hartford over the claims process, Defendants aver that the "real conflict and controversy" concerning Jenkins's disability benefits arises between Jenkins and Hartford.

Defendants correctly note that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (citing *Daniel v. Eaton Corp.*, 839 F.3d 263, 266 (6th Cir. 1988)).  Although proof of who the plan administrator is may come from the terms of the plan document, the factual circumstances surrounding the administration of the plan may also provide such proof, "even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001); *see also  Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992) ("[I]f a company is administrating the plan, then it can be held liable for ERISA violations, regardless of the provisions of the plan document.").  In this regard, the

key question is whether the party at issue had "sufficient decisional control over the claims process that would qualify it as a plan administrator." *Hamilton*, 244 F.3d at 824. Here, Grant Thornton argues that because Hartford enjoyed full discretion to deny benefits and to recover overpayments, Hartford is in fact the administrator of the plan and must be added as a party to the action.

Although the Court has reviewed the Plan document provided by Defendants and tends to agree with Defendants' assertion, the Court declines to dismiss the Complaint on this basis at this juncture. On a motion to dismiss, a court is generally not permitted to consider anything outside of the "four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)). An exception to this general rule exists, in that a court may consider a document attached to a motion to dismiss if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Cirp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)). In this context, "undisputed" means that "the authenticity of the document is not challenged." *Id.*

Here, although Defendants maintain that the Plan document that is attached to their Motion to Dismiss is the plan pertinent to the claims at issue, Jenkins vehemently denies that it is the correct document. In particular, Jenkins states that the document on which Defendants rely is "Plan #501 Grant Thornton Long Term Disability Plan," but she argues that her claims for disability benefits fall under "Plan #509 Grant Thornton LLP Health and Welfare Benefits Plan." ECF No. 15 at 1. In her Response brief, Jenkins purports to file the correct plan; however, it appears that Jenkins filed Grant Thornton's 2005 Benefit Handbook, which, by its own terms, merely provides "highlights about Grant Thornton benefit plans and programs." *See* ECF No. 12-1 at 5. As summary documents

provide only information about the plan and "do not themselves constitute the *terms* of the plan for purposes of [ERISA] § 502(a)," the exhibit attached to Jenkins's Response is of little help in resolving the issue. *Cigna Corp. v. Amara*, __ U.S.__, 131 S. Ct. 1866, 1878 (2011). Ultimately, because Jenkins disputes the authenticity of "Plan 501," the Court declines to consider the document at this time and relies solely on the allegations contained in the Complaint in resolving Defendants' Motion. In her Complaint, Jenkins alleges that Grant Thornton is the plan administrator and plan fiduciary. ECF No. 1 at ¶ 6. Taken as true, this allegation is sufficient to establish that Grant Thornton is a proper party to the litigation. Accordingly, Defendants' Motion to Dismiss for failure to join a party is denied.

### B. Breach of Fiduciary Duty

In conjunction with her claim for denial of benefits, Jenkins contends that Defendants breached their fiduciary duties under ERISA. ERISA enumerates several duties required of a fiduciary. In particular, ERISA § 404(a), 29 U.S.C. § 1104, states, in relevant part,

(a) Prudent man standard of care

(1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and–

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man

6

acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

In asserting a claim for breach of fiduciary duty, ERISA provides two avenues of relief. Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), a beneficiary is authorized to bring a civil action against a fiduciary pursuant to ERISA § 409, 29 U.S.C. § 1109, which, in turn, imposes liability on any fiduciary who breaches its responsibilities or obligations under the statute. Relief under this provision, however, is limited to damages incurred by the plan itself, not the individual beneficiary. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141 (1985) (agreeing with the petitioner's contention that "recovery for a violation of § 409 inures to the benefit of the plan as whole"); *see also Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1339 (11th Cir. 2006) ("The Supreme Court has explicitly stated that the relief available under § 409 can only be obtained on behalf of 'the plan itself.'"). Thus, a claim under § 1132(a)(2) lies only if a plaintiff seeks recovery in a representative capacity on behalf of the plan. Here, the Court agrees with Defendants that Jenkins appears to seek individual redress only, as she makes no assertions regarding plan losses, and her claims are limited to personal recovery. As a result, no claim exists under § 1132(a)(2).

Nonetheless, in certain circumstances, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), does authorize lawsuits for individualized equitable relief for breach of fiduciary obligations. *See Varity*

*Corp. v. Howe*, 516 U.S. 489, 490 (1996); *Heffner*, 443 F.3d at 1339 ("[R]elief to individual plan members or beneficiaries for a breach of fiduciary duty may be available under ERISA § 502(a)(3)."). In this regard, § 1132(a)(3) is a "catchall" provision, allowing a beneficiary to "enjoin any act or practice which violates any provision of th[e] subchapter or the terms of the plan" or "obtain other appropriate equitable relief." In interpreting this provision, the Supreme Court has held that § 1132(a)(3) acts as a "safety net," "offering appropriate equitable relief for injuries caused by violations that [ERISA] § 502 does not elsewhere adequately remedy." *Varity Corp.*, 516 U.S. at 1078. So, although this provision contemplates claims for breaches of fiduciary duties, it may be invoked only where ERISA provides no other remedy. Thus, where a plaintiff asserts a claim for benefits under § 1132(a)(1)(B), no parallel claim exists for breach of fiduciary duty under § 1132(a)(3). *See Howard v. Hartford Life & Acc. Ins. Co.*, 765 F. Supp. 2d 1341, 1347 (M.D. Fla. 2011) (citing *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999)).

In this case, the crux of Jenkins's allegations is that Defendants have improperly withheld her long-term disability payments. As noted above, such relief is explicitly contemplated by § 1132(a)(1), which provides that a beneficiary may sue to "recover benefits due to [her] under the terms of [her] plan." So, to the extent that Jenkins grounds her breach-of-fiduciary-duty claim on Defendants' refusal to distribute her benefits, that claim is necessarily precluded by her denial-of-benefits claim pursuant to § 1132(a)(1). *See, e.g.*, *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1199 (11th Cir. 2010) ("[Plaintiff] is precluded from bringing a breach of fiduciary duty claim in conjunction with a wrongful denial of benefits claim."); *Chiroff v. Life Ins. Co. of N. Am.*, 142 F. Supp. 2d 1360, 1366 (S.D. Fla. 2000) ("Plaintiff does not dispute that he has asserted a claim for disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Therefore, Plaintiff has an adequate

remedy contemplated within ERISA and . . . should not be permitted to bring [a] separate claim for breach of fiduciary duty."); *see also Varity Corp.*, 516 U.S. at 512 ("ERISA [§ 1132(a)(1)(B)] specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims.").

If, however, Jenkins intended to base her claim on other factual assertions that would give rise to an independent cause of action, such an intent is not apparent from the Complaint.  Indeed, under the heading "ERISA Fiduciary Duties & Breaches of Duties," Jenkins states simply that Defendants breached their fiduciary duties because "they have not discharged their duties solely in the interests of and for the exclusive benefit of participants, have not acted prudently, have not operated the Health Plan or Pension Plan in accordance with ERISA documents, failed to properly monitor service providers, [and] failed to act with the highest standard of care."  ECF No. 1 at ¶ 90.  These averments amount to nothing more than conclusory allegations, which are not entitled to any presumption of truth on a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  As Jenkins fails to state a claim for breach of fiduciary duty separate and apart from her claim for denial of benefits, that claim is dismissed.  Jenkins shall have until March 21, 2014, to replead this claim should she wish to do so.

### C. Document-Penalty Claim

Under ERISA's civil-enforcement provision, a plan administrator is required to furnish upon written request, among other things, "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  *Byars v. Coca-Cola Co.*, 517 F.3d

1256, 1270 (11th Cir. 2008) (quoting 29 U.S.C. § 1024(b)(4)).  Section 1132(c) further provides that

an administrator who fails to comply within thirty days of the participant's written request may be

liable for penalties up to $110 per day.  29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.  However,

this penalty is authorized only in connection with a participant's request for documents that are

explicitly enumerated in the statute.  *See Giertz-Richardson v. Hartford Life & Acc. Ins. Co.*, No.

8:06-cv-1874-T-24, 2007 WL 1099094, at *1 (M.D. Fla. Apr. 10, 2007).  Thus, no penalty may be

imposed "for failure to provide documents other than those identified."  *Id.* (quoting *Montgomery

v. Met. Life Ins. Co.*, 403 F. Supp. 2d 1261, 1265 (N.D. Ga. 2005)) (internal quotation marks

omitted).

      Here, although Jenkins avers that she made numerous document requests to Defendants, she

does not specify what particular documents she allegedly requested.  In particular, Jenkins contends

that she "repeatedly requested formal ERISA Plan documents," that she "continued to request in

writing ERISA documents and related documents for the health plan," and that "[n]o ERISA

required documents were ever provided."  ECF No. 1 at ¶¶ 35, 36, 40.  But the Complaint includes

no allegations identifying what documents Jenkins actually asked for from Grant Thornton.  Because

§ 1132(c) addresses only an administrator's failure or refusal to provide information that the

administrator is required to furnish under the statute, *see Brucks v. Coca-Cola Co.*, 391 F. Supp.

1193, 1211 (N.D. Ga. 2005) (citing 29 U.S.C. § 1132(c)), a claim arising under that subsection must

delineate the precise documents that were the subject of the plaintiff's request.  As Jenkins does not

specify which particular documents she requested from Grant Thornton, Jenkins does not state a

claim under § 1132(c).  Accordingly, that claim is dismissed.  Jenkins will have until March 21,

2014, to replead if she wishes to do so.

10

Also, to the extent that Jenkins seeks to recover monetary penalties for her Social Security representative payee, that claim is dismissed as well.  In her Complaint, Jenkins asks the Court to "[a]ward Plaintiff's federally appointed US Social Security Administration Representative Payee with an appropriate amount . . . for Defendants' failures to provide ERISA required documents to her."  ECF No. 1 at § 97.  According to Jenkins, Defendants are liable to the representative payee because the representative payee also made several document requests to Defendants.  Aside from the fact that the representative payee is not a named party in this matter, Jenkins's contention is misplaced.

Under § 1132(c), an administrator has a duty to supply certain requested information and may be held personally liable to only a plan participant or beneficiary for failure to do so.  Under ERISA, a "participant" is an employee or former employee "who is or may become eligible to receive a benefit of any type from an employee benefit plan," and a "beneficiary" is a " person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(7), (8).  Although Jenkins qualifies as a participant and may recover civil penalties under § 1132, her representative payee is not and, thus, is not entitled to individual relief.  Because the representative payee presumably acts on Jenkins's behalf, though, any purported document requests made by the representative payee for Jenkins may be properly attributed to Jenkins.  Thus, Jenkins may seek appropriate relief for herself, but no civil penalties may be awarded to the representative payee personally.

### D. Breach of Security

The Complaint sets forth a claim broadly titled "Security Breaches."  *See* ECF No. 1 at 14. According to Jenkins, Grant Thornton LLP and the Health Plan "are required to comply with all

applicable laws pertaining to protection of personally identifiable information, medical information, and personal financial information." ECF No. 1 at ¶ 67. Without citing the "applicable laws" to which she refers, Jenkins contends that Defendants have not complied with "required privacy protections" and are responsible for various "security breaches" with respect to Jenkins's personal information. In support of these allegations, Jenkins avers that in February 2009, she discovered that a third-party plan administrator had accessed Jenkins's full credit report without authorization. *Id.* at ¶ 72. She further alleges that the account manager assigned to her account was a home-based worker and was not located in a secure facility. *Id.* at ¶¶ 73, 75. Moreover, Jenkins claims that the account managers "seemed to be young, not highly compensated, and completely inexperienced." *Id.* at ¶ 74.

The Court agrees with Defendants that Jenkins's contentions in this regard are deficient. Jenkins wholly fails to identify an underlying cause of action, providing no legal foundation for her claims. Although Jenkins expresses frustration at having to "plead every federal and state statute on health care and financial privacy violations," she must nonetheless provide the Court with some legal basis for her claims. In this regard, the Federal Rules of Civil Procedure require a plaintiff to provide a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Without any guidance as to the law Jenkins seeks to invoke, the Court cannot determine whether the facts as alleged will entitle her relief.

Although Jenkins cites no governing statute, because Jenkins makes a reference to the protection of her medical data, the Court liberally construes her Complaint as attempting to state a claim under the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA "generally provides for confidentiality of medical records and governs the use and disclosure of protected health

12

information by covered entities that have access to that information and that conduct certain electronic health care transactions." *Sneed v. Pan Am. Hosp.*, 360 F. App'x 47, 50 (11th Cir. 2010) (citing 45 C.F.R. § 164.502).   In particular, it provides for both civil and criminal penalties for improper disclosures of medical information.   *Id.*   But enforcement of the statute is expressly reserved for the Secretary of Health and Human Services, and no private right of action has been recognized.   *Id.* ("We decline to hold that HIPAA creates a private cause of action.").   As a result, Jenkins cannot invoke HIPAA in asserting claims arising from Defendants' purported dissemination of her medical information.

If Jenkins intended to rely on another statute in support of her claims, Jenkins still fails to provide sufficient factual allegations from which to plausibly infer that Defendants improperly accessed and disseminated her personal information.   Significantly, in her Response to the Motion to Dismiss, Jenkins states that she "has no idea where her personal and medical data has been distributed, or to whom it has been released."   ECF No. 15 at ¶ 83.   As is it unclear what cause of action Jenkins seeks to plead, and because the facts as alleged do not appear to state any claim for relief, this claim is also dismissed.   Plaintiff shall nonetheless have until March 21, 2014, to replead this claim if she wishes to do.

### E. Liability of Stephen Chipman

Defendants argue that the Complaint should be dismissed as to Defendant Stephen Chipman because he is neither a plan administrator nor fiduciary, and therefore, no claim against him lies under ERISA.   According to Defendants, Chipman is Grant Thornton's Chief Executive Officer, and he plays no role in the administration of the health plans.   Plaintiff, on the other hand, contends that

Chipman may be held liable because he is the company's managing partner and "controls all U.S. operations including human resources and employee benefit plans." ECF No. 15 at 7.

Jenkins appears to predicate liability over Chipman on two grounds: (1) Chipman is the company's managing partner, and (2) the Plan lists no named fiduciary, so Chipman is the most appropriate defendant. Neither justification is adequate.

First, although Chipman is an officer of Grant Thornton, this fact alone is insufficient to make him a fiduciary subject to suit under ERISA. Rather, "[a] person is a fiduciary with respect to a plan, and therefore subject to ERISA fiduciary duties, to the extent that he or she exercises any discretionary authority or discretionary control respecting management of the plan, or has discretionary authority or discretionary responsibility in the administration of the plan." *Varity Corp.*, 516 U.S. at 498 (quoting 29 U.S.C. § 1002(21)) (internal quotation marks omitted). Thus, Jenkins cannot rely solely on Chipman's position but must set forth some allegations concerning Chipman's discretionary authority and the nature of his responsibility with respect to the plan. *See, e.g.*, *In re ING Groep, N.V. Erisa Litig.*, 749 F. Supp. 2d 1338, 1346 (N.D. Ga. 2010) (holding that senior vice president and CEO were not "fiduciaries" pursuant to ERISA absent any provisions in the plan giving them discretionary, responsibility or control with respect to administration of plan). Other than her broad assertion that Chipman, as managing partner, has ultimate control over employee benefits, Jenkins makes no contention regarding his authority over plan administration.

A person will also be considered a fiduciary if named as such in the pertinent plan instrument. *See Bacon v. Stiefel Labs., Inc.*, 677 F. Supp. 2d 1331, 1341 (S.D. Fla. 2010) (citing 29 U.S.C. § 1102(a)(2)). Here, Jenkins avers that the plan at issue does not have a named fiduciary, and therefore, Chipman is a sufficient substitute. This reasoning is inadequate. Although the Court

14

construes the facts in favor of Jenkins, Jenkins may not rest on mere "naked assertions" devoid of factual support. *Iqbal*, 556 U.S. at 678.   Jenkins's assumption that Chipman is an ERISA fiduciary lacks sufficient factual support to create a plausible inference of his liability.   Jenkins neither alleges that Chipman is a named fiduciary under the plan nor that he exercises discretionary authority over the administration of the plan.   Accordingly, the Complaint is dismissed as to Stephen Chipman.

### F. Additional Items

At the end of the Complaint, Jenkins lumps together several claims under the heading "Additional Items," asserting that (1) her health continuation premiums were calculated improperly and overpaid, (2) her wellness credit may not have been properly applied, (3) Grant Thornton failed to make required contributions to her health savings account, and (4) the health plan appears to be "improperly asserting some sort of clawback or lienor subrogation right" with regard to her medical costs.   ECF No. 1 at § 92.   Aside from these contentions, Jenkins offers no other facts and cites to no specific causes of action.   Indeed, she merely states that the items listed "appear to be" other problems with the health plan.   This is simply insufficient and, at best, constitutes an improper shotgun pleading. *See Ledford v. Peeples*, 605 F.3d 871, 892 (11th Cir. 2010) (noting that a shotgun pleading "lumps multiple claims together in one count").   Even construing the allegations in the light most favorable to Jenkins, the Court cannot discern the discrete causes of action that Jenkins seeks to plead.   Accordingly, these "additional items" are also dismissed.

### G. Default Judgment

In her Response, Jenkins requests that the Court enter a default against Defendants for failure to defend.   Specifically, Jenkins maintains that the Motion to Dismiss contains no mention of "Plan 509," and as such, her claims for benefits under that plan are not challenged.   Jenkins also argues that

a default should be entered against Defendants because the Motion is silent as to the Grant Thornton LLP Employee Retirement Plan.

Under Rule 55(b), Fed. R. Civ. P., a district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. In this regard, the Rule contemplates a situation where a party has wholly failed to appear, answer, or plead. That is not the case here. Defendants have appeared in this case and have timely answered the Complaint in the form of a motion to dismiss. That Defendants did not challenge every allegation in the Complaint does not constitute justification for default. Ultimately, Defendants' purported failure to address certain claims merely allows those claims—for the time being — to proceed; it does not mean that Jenkins automatically prevails. Jenkins's request is therefore denied.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED IN PART**. Jenkins's breach-of-fiduciary duty , document-penalty, breach-of-security, and "additional" claims, are hereby dismissed. The Complaint is also dismissed as to Defendant Stephen Chipman. Jenkins shall have until **March 21, 2014**, to amend her Complaint.

The Court cautions Plaintiff that if she chooses to file an amended complaint, she must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. In particular, Jenkins is directed to plead her claims in separate and delineated counts and adequately explain which factual allegations support which claims for relief. *See* Fed. R. Civ. P. 8, 10. The Court also notes that although Jenkins is a *pro se* litigant, she, by her own admission, is an attorney, and therefore is not entitled to the same leeway afforded to non-attorney litigants. *See Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 908 n.1 (11th Cir. 2013) ("Because [the plaintiff]

is a licensed lawyer, his complaint does not receive the liberal construction typically afforded *pro se* plaintiffs' complaints."). Thus, the Court advises Jenkins that her pleadings will be held to the standards required of attorneys practicing before this Court. Should Jenkins's amended complaint fail to satisfy the pleading standards, the Court will be unlikely to provide another opportunity to amend.

      **DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of March 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record

Elizabeth Jenkins, *pro se*
413 Cameron Drive
Weston, FL 33326