UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60957-Civ-Rosenberg/Brannon



ELIZABETH JENKINS,

     Plaintiff(s),

vs.

GRANT THORNTON LLP., et al.,

     Defendant(s).

_____/

REPORT AND RECOMMENDATION ON
CROSS MOTIONS FOR SUMMARY JUDGMENT (DE 99 and DE 178)

THIS CAUSE is before the Court upon *pro se* Plaintiff's, Elizabeth Jenkins ("Plaintiff"),

Motion for Summary Judgment (DE 99), Defendants' Grant Thornton LLP ("GT"), Grant

Thornton LLP Health and Welfare Benefits Plan ("HW Plan"), and Grant Thornton LLP

Employees' Retirement Plan ("Retirement Plan") (collectively, "Defendants[']") Sealed Motion

for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE 178),

Defendants' Sealed Statement of Material Facts in Support of their Motion for Summary

Judgment (DE 179), and the responses filed by the parties.  For the reasons stated herein, the

Court respectfully recommends that Plaintiff's Motion for Summary Judgment (DE 99) be

DENIED, and Defendants' Motion for Summary Judgment (DE 178) be GRANTED.

**I.     BACKGROUND**

     This case involves allegations that Defendants violated Plaintiff's entitlement to disability

and pension benefits pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), failed to provide Plaintiff with ERISA-required documents, and breached fiduciary

duties owed to Plaintiff.  Defendants moved to dismiss the Complaint (DE 11), and the Court

granted in part Defendants' initial motion to dismiss. (DE 66). Plaintiff submitted an Amended Complaint (DE 69), and Defendants moved to dismiss Plaintiff's Amended Complaint. (DE 75). On July 1, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Amended Complaint, dismissing with prejudice six of the twenty-one counts of Plaintiff's Amended Complaint and dismissing two individual defendants. (DE 95). Plaintiff and Defendant moved for summary judgment on the remaining fifteen counts.[1] (DE 99, 178). The motions for summary judgment are ripe for review.

## II.    STANDARD OF REVIEW

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). The movant bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotations omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). But, "[i]f the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted); *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (explaining that where the nonmovant bears the

---

[1] The Court assumes Plaintiff intends on moving for summary judgment on all remaining counts, although Plaintiff did not specify this in her motion.

burden of persuasion on a claim, it must come forward with more than a mere scintilla of evidence supporting its position). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

Although *pro se* litigants are entitled to a liberal construction of their pleadings, a *pro se* litigant does not escape the strictures of Rule 56. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## III.  FACTS[2]

Plaintiff began working for GT as an independent contractor in 2001, and in March of 2005 Plaintiff became an employee with the job title of Senior Manager in GT's Compensation and Benefit Consulting Practice. (DE 25-1, Hutchinson Dec., at ¶¶ 3-4; DE 159-2, Jenkins Dep. 9-10). As an employee, Plaintiff was eligible to become, and did become, a participant in the Retirement Plan. (DE 75-3 at 16). Additionally, Plaintiff received a copy of the 2005 Grant Thornton Employee Benefits Handbook ("2005 Handbook"). (DE 12-1). The 2005 Handbook states that it "provides highlight and eligibility information for each benefit plan." (*Id.* at 5). It also provides an overview of the Long Term Disability ("LTD") benefits offered to GT employees by CIGNA and states that:

> The plan pays a monthly benefit (up to $7500 maximum) equal to the lesser of the following:
> - 60% of your base monthly earnings, or
> - 70% of your base monthly earnings minus any disability income for which you are eligible, such as Social Security.

---

[2] The Court considers the disputes raised in both Defendants' Statement of Disputed Facts and Opposing Facts to Plaintiff's Local Rule 56.1 Statement of Facts (DE 114) and Plaintiff's Response to Defendants' Local Rule Statement of Facts (DE 195 at 28).

(*Id.* at 20).  Plaintiff enrolled in certain benefits described in the 2005 Handbook, including LTD benefits.  Plaintiff claims that she could not elect the option of "70 percent with offset" because that option was only for lower-wage employees of GT, "so [she] had to elect . . . the 60 percent." (DE 159-2, Jenkins Dep. 58).

In November 2007, Plaintiff received a notice from GT entitled "2008 enrollment guide," which notified GT employees of changes regarding a variety of employee benefit plans, including LTD.  (DE 69-6 at 2-3; DE 159-2, Jenkins Dep. 77-78).  The 2008 enrollment guide explains that "Hartford Life Insurance Company will manage our LTD plan beginning January 1, 2008" and that "if you are already enrolled for LTD benefits, your coverage will automatically be transferred to The Hartford."  (DE 69-6 at 3).  The guide further explains that "[t]he LTD plan provides a monthly benefit equal to 60 percent of your base annual salary (subject to certain limits) up to $7,500 per month," and the premium that Hartford Life Insurance Company ("Hartford") charged for LTD coverage is "a 60 percent reduction from our current rates!"  (*Id.*).

The Long Term Disability Plan for Employees Booklet – Certificate dated January 1, 2008 ("2008 LTD Plan Booklet – Certificate") issued by Hartford lists GT as the Policyholder under Policy Number GLT-675845. (DE 178-1 at 15).   In the 2008 LTD Plan Booklet – Certificate, Hartford states that "[t]he provisions of The Policy are summarized in this certificate," "[a]ny difference between The Policy and this certificate will be settled according to the provisions of The Policy on file with Us at Our home office.  The Policy may be inspected at the office of the Policyholder," and that "[t]he Policy is incorporated into, and forms a part of, the Plan."  (*Id.* at 15, 39).  The 2008 LTD Plan Booklet – Certificate lists GT as the LTD Plan Administrator of Plan Number 501, designates and names Hartford as the claims fiduciary for LTD benefits, and explicitly grants Hartford "full discretion and authority to determine eligibility

4

for benefits and to construe and interpret all terms and provisions of The Policy." (*Id.* at 38-39). The 2008 LTD Plan Booklet – Certificate also states that this document provides information about the Plan, and a copy of the Plan is available for review in the office of the Plan Administrator. (*Id.* at 38).

Under the terms of the 2008 LTD Plan Booklet – Certificate, a participant of the LTD Plan must apply for Social Security disability benefits when the length of her disability meets the minimum duration required for such benefits. (*Id.* at 27). Hartford reduces the amount of monthly LTD benefits that it pays to participants by the amount of benefits a participant should receive from the Social Security Administration. (*Id.* at 22-23). If a participant receives overpayment of LTD benefits following an award of Social Security disability ("SSD") benefits or receipt of "Other Income Benefits," Hartford has the right to recover the overpayment from the participant and to offset the overpayment against any future benefits payable to the participant. (*Id.* at 28). Additionally, a participant is required to provide proof of loss, and even if a participant's claim for LTD benefits is approved, the participant must continue to provide proof of her ongoing disability. (*Id.* at 26; DE 182-1, Moore Aff., ¶ 16). For any wholly or partially denied claim, the participant must appeal to Hartford for a full and fair review, in writing, before the participant can file an action in court. (DE 178-1 at 41; DE 182-1, Moore Aff., ¶ 19).

On November 24, 2007, Plaintiff was injured in a serious car accident, and GT allowed Plaintiff to remain on leave from employment for a year thereafter. (DE 159-2, Jenkins Dep. 21, 87). Plaintiff never returned to work at GT. (*Id.*, DE 69 at 6). On March 20, 2008, Plaintiff completed an Application for Long-Term Disability Income Benefits, which was then submitted to Hartford. (DE 182-1, Moore Aff., ¶ 32; DE 182-2 at 29). From July 2008 through April

2010, Hartford made LTD payments to Plaintiff totaling $165,000.  (DE 182-1 at 48-49).  In a letter to Plaintiff dated May 17, 2010, Hartford determined that Plaintiff was overpaid LTD benefits totaling $38,306 between 2008 and 2010 because payments to Plaintiff were subject to a reduction by Plaintiff's SSD benefits.  (*Id.*).  In a letter dated October 19, 2009, addressed to an Ability Analyst at Hartford, Plaintiff acknowledged she would mail a copy of the notice of determination for SSD benefits, and also stated she would reserve any funds received from SSD benefits to reimburse Hartford resulting from the offset, less legal fees.  (DE 182-2 at 43).  In a letter to Plaintiff dated September 28, 2011, Hartford determined that Plaintiff failed to provide proof of her ongoing disability and terminated Plaintiff's claim for LTD benefits.  (DE 182-1 at 51-56; DE 182-1, Moore Aff., ¶ 28).  Plaintiff never submitted an appeal of Hartford's decision to terminate her LTD benefits.  (DE 182-1, Moore Aff., ¶ 29).

Under the terms of the Retirement Plan, Plaintiff must first submit the request for the distribution of the retirement benefits. (DE 75-3 at 35).  The Retirement Plan contains provisions that govern claim submission and the claims procedures for a participant to appeal an adverse benefits determination.  (*Id.*).  However, Plaintiff has never submitted the necessary paperwork for a request for distribution of her Retirement Plan benefits.  (DE 114-2, Hutchinson Dec., at ¶ 3).  In a letter dated August 12, 2013, Plaintiff stated she does not want to submit her Retirement Plan distribution paperwork because she is concerned that, once she receives the distribution, Hartford will take it.  (DE 52-4 at 2).

## IV.    DISCUSSION

### 1.  Plaintiff's Motion for Summary Judgment (DE 99)

A party moving for summary judgment has the burden of establishing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Under summary judgment standards,

factually unsupported claims or defenses should be disposed of. *Id.* at 323-24. Rule 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Local Rule 56.1(a) requires that a motion for summary judgment "be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried. . . ." The statement of material facts must "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Local Rule 56.1(a)(2).

Here, Plaintiff's Statements of Material Facts attached to her Motion for Summary Judgment (DE 99 at 5, 14) are largely factually unsupported claims and legal argument. With regard to the Grant Thornton LLP Health &Welfare Benefit Plan #509 ("Plan #509"), the plan under which Plaintiff claims she is entitled to LTD benefits, Plaintiff fails to show how the documents she cites lead to her assertions that GT has been the Plan Sponsor and Plan Administrator from 2002 to present, how GT reports Plan #509 to its employees as the only Plan offering health and welfare benefits subject to ERISA, how Plan #509 lacks certain plan documents specifying provisions and procedures, or how Plan #509 lacks enforceable insurance policies." (*Id.* at ¶¶ 1, 2, 6, 13, 14, 16). In addition, Plaintiff asserts various legal arguments in her Statement of Facts regarding the characterization of the 2008 LTD Plan Booklet – Certificate under ERISA and the enforceability of Hartford insurance policy #675845G under Illinois law. (*Id.* at ¶¶ 4A, 4B, 4C, 10, 21). Plaintiff further asserts that GT "did not monitor the service providers to its health and welfare employee benefits," (*Id.* at ¶ 18), yet Plaintiff fails to support this fact with sufficient evidence in the record. Plaintiff also fails to properly support her facts regarding the Retirement Plan and the amounts of LTD benefits Plaintiff claims were paid to her and are due to her. (*Id.* at ¶¶ 23, 26; *Id.* at Attach. B, ¶¶ 2, 4, 5).

Defendants argue that Plaintiff's motion for summary judgment fails to establish Plaintiff is entitled to any relief and it should be denied for failure to comply with summary judgment standards. (DE 113, 114).   The Court agrees with Defendants. Plaintiff's motion contains genuine disputes of material fact, it fails to identify the claims on which summary judgment is sought, and Defendants have shown there is a lack of evidence to support Plaintiff's assertions. Therefore, it is respectfully recommended that Plaintiff's Motion for Summary Judgment (DE 99) be DENIED.

## 2. Defendants' Motion for Summary Judgment (DE 178) as to Plaintiff's Count III

Plaintiff alleges in Count III of her Amended Complaint that there is no ERISA compliant plan document for her "LTD Only Plan" because the 2008 LTD Plan Booklet – Certificate does not qualify as such.  (DE 69 at 10).  According to 29 U.S.C. § 1102(a)(1), "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument.  Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1).

Defendants argue that they are entitled to summary judgment on Count III of Plaintiff's Amended Complaint (DE 69) because the Hartford insurance policy qualifies as a written instrument under ERISA's plan document provision. (DE 178 at 14).  In *Tindell v. Tree of Life, Inc.*, the Court found that where benefits available under a plan are insured, the "underlying insurance policy is considered a plan document for purposes of ERISA." 672 F. Supp. 2d 1300, 1302 n.3 (M.D. Fla. 2009) (citing *Ruiz v. Continental Cas. Co.*, 400 F.3d 986, 990-91 (7th Cir. 2005)) (finding that the insurance policy and the policy certificate were plan documents for purposes of ERISA).  The Eleventh Circuit has also recognized that a Hartford LTD Booklet-

8

Certificate can be a plan document. *Clark v. Hartford Life & Acc. Ins. Co.*, 195 F. App'x 932, 935 (11th Cir. 2006).

In the 2008 LTD Plan Booklet – Certificate, Hartford states that "[t]he provisions of The Policy are *summarized* in this certificate," "[a]ny difference between The Policy and this certificate will be settled according to the provisions of The Policy on file with Us at Our home office.  The Policy may be inspected at the office of the Policyholder," and that "[t]he Policy is incorporated into, and forms *a part of*, the Plan."  (DE 178-1 at 15, 39) (emphasis added).  The Court finds that although the 2008 LTD Plan Booklet – Certificate contains language suggesting it is not the insurance policy or the plan, it nonetheless is considered a plan document for purposes of ERISA because it provides a summary of the insurance policy which forms part of the "LTD Only Plan."  It also designates and names Hartford as the claims fiduciary for LTD benefits, and explicitly grants Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of The Policy."  (*Id.* at 38-39).  Therefore, the Court respectfully recommends that Defendants' motion for summary judgment as to Count III of Plaintiff's Amended Complaint (DE 69) be GRANTED.

### 3.  Defendants' Motion for Summary Judgment (DE 178) as to Plaintiff's Counts VII, XI, and XV

In Count VII of her Amended Complaint, Plaintiff alleges that there is no Hartford Insurance Policy, the Fiduciaries breached the duty of prudence under 29 U.S.C. § 1104(a)(1) by paying plan assets to Hartford "without obtaining an enforceable written instrument duly executed under State Law – The Policy – in return for the payments" and by failing to determine whether the Hartford policy was a proper investment.  (DE 69 at 16).  ERISA standards require that a fiduciary act "with care, skill, prudence, and diligence under the circumstances. . . ."  29 U.S.C.  §  1104(a)(1)(B).  Plaintiff argues that Defendants' motion must be denied because

Defendants have never produced a copy of the Hartford Insurance Policy. (DE 195 at 8). In Count XI, Plaintiff alleges a breach of fiduciary duty because there are no insurance policies, and in Count XV, Plaintiff alleges there are no claims or appeals procedures for her LTD benefits.

Defendants have submitted evidence showing that Plaintiff received LTD benefit payments from Hartford between 2008 and 2010 pursuant to the terms of the Hartford Policy, and Plaintiff acknowledged in 2009 that Hartford was entitled to recoup overpayment of LTD benefits resulting from a retroactive of SSD benefits award. (DE 182-1 at 48-49; DE 182-2 at 43). Furthermore, Defendants have shown that Plaintiff was involved in the claims procedures under the Hartford Policy for LTD benefits, but Plaintiff failed to provide information requested, and Plaintiff never submitted an appeal of Hartford's decision to terminate her LTD benefits. (DE 182-1 at 51-56; DE 182-1, Moore Aff., ¶¶ 28-29). Although the Court does not find that a copy of the Hartford Insurance Policy has been produced, Defendants have met their burden of establishing the absence of a genuine dispute of material fact, and Plaintiff has failed to put forth evidence sufficient to show that the Fiduciaries breached their duty of prudence under ERISA with respect to the Hartford Insurance Policy. Under summary judgment standards, where evidence presented "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (internal citations omitted).

Accordingly, the Court respectfully recommends that Defendants' motion for summary judgment as to Counts VII, XI, and XV of Plaintiff's Amended Complaint (DE 69) be GRANTED.

4. **Defendants' Motion for Summary Judgment (DE 178) as to Plaintiff's Counts VIII, X, XVI, XVII and XVIII**

In Count VIII, Plaintiff alleges that the fiduciaries of the "Omnibus Plan" (presumably Plan #509) breached various fiduciary duties owed to Plaintiff by using Plan assets to purchase

the Hartford Insurance Policy, which Plaintiff claims is contrary to Illinois law, or by misrepresenting the provisions of any insurance policy purchased. (DE 69 at 17). Similarly, in Counts X, XVII, and XVIII, Plaintiff alleges various fiduciary breaches in selecting Hartford, in failing to monitor Hartford, and in selecting the "LTD Only Plan," respectively. In Count XVI, Plaintiff alleges the fiduciaries breached their duty of disclosure by not taking the initiative to disclose material information and give honest answers to participants in the plan.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes lawsuits for individualized equitable relief for breach of fiduciary duties. *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). Section 1132(a)(3) is a "catchall provision" that acts as a "safety net," "offering appropriate equitable relief for injuries caused by violations that [ERISA] § 502 does not elsewhere adequately remedy." *Id.* at 512. "To establish a claim for breach of fiduciary duty under ERISA, a plaintiff must generally show that the defendants are fiduciaries, that the defendants breached their fiduciary duties, and the breach(es) caused harm." *Dupree v. Prudential Ins. Co. of Am.*, No. 99-8337-Civ-Jordan, 2007 WL 2263892, at *37 (S.D. Fla. Aug. 7, 2007) (citing *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 465 (7th Cir. 2005); *Roth v. Swayer Cleartor Lumber Co.*, 16 F.3d 915, 917 (8th Cir.1994)).

Defendants argue, and this Court agrees, that Plaintiff has failed to provide evidence in support of each element of her claims of breach of fiduciary duties under ERISA. Defendants do not dispute there exists an Illinois regulation that invalidates a clause in Hartford's insurance policy which reserves discretion to Hartford in interpreting terms of the policy. However, even assuming a term of Hartford's insurance policy is unenforceable, Plaintiff has not shown that she has been harmed by the fiduciaries' choice to adopt the policy. In addition, if Plaintiff is asserting that GT, as a plan fiduciary, imprudently selected the "LTD Only Plan" and Hartford to

manage that plan, she has not shown that she was harmed by those decisions.  Finally, Plaintiff has failed to put forth evidence sufficient to show that the fiduciaries breached their duty to monitor Hartford and to disclose material information to plan participants.

Accordingly, the Court respectfully recommends that Defendants' motion for summary judgment as to Counts VIII, X, XVI, XVII, and XVIII of Plaintiff's Amended Complaint (DE 69) be GRANTED.

   5. **Defendants' Motion for Summary Judgment (DE 178) as to Plaintiff's Counts I, IV, XII, XIII, and XIV**

In Count I, Plaintiff alleges the fiduciaries breached various fiduciary duties for failure to establish and maintain a plan document for the "Omnibus Plan" (presumably Plan #509).  In Count IV, Plaintiff alleges various breaches of fiduciary duties for failure to ensure one or more trustees hold the assets of the "Omnibus Plan."  In Counts XII, XIII, and XIV, Plaintiff alleges various breaches of fiduciary duties for failing to adopt a written "Cafeteria Plan Document" for the "Omnibus Plan," for failure to provide Summary Plan Descriptions and Summaries of Material Modification to participants, and for failure to file Annual Reports with the U.S. Secretary of Labor ("Form 5500") and Summary Annual Reports to participants, respectively.

Defendants argue that Plaintiff's claims pertaining to Plan #509 are limited to her entitlement to LTD benefits, because Plaintiff has not alleged she is entitled to any other health and welfare benefits under Plan #509.  The Court finds merit in this contention, as Defendants have set forth evidence to show that Plaintiff's LTD benefits are governed by the "LTD Only Plan," of which the 2008 LTD Plan Booklet – Certificate is a plan document. *See* IV. 2., *supra*. Plaintiff has not set forth evidence sufficient to support the contention that her LTD benefits are governed by Plan #509.  However, even if Plaintiff were a participant in the "Omnibus Plan,"

12

she has not shown that she was harmed or prejudiced by the alleged failure to maintain a plan document.

The Eleventh Circuit has noted that "several federal circuits have denied remedial relief for technical violations of ERISA's statutory requirements absent a showing that the violations had adversely affected the plaintiff's ERISA rights." *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1318 n.9 (11th Cir. 2000). Technical or procedural violations of ERISA generally do not entitle a plan participant to a substantive remedy unless these violations were committed under exceptional circumstances, such as bad faith or fraud, or resulted in actual prejudice to the participant. *See Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 113 (1st Cir. 2002); *Godwin v. Sun Life Assurance Co. of Can.*, 980 F.2d 323, 328 (5th Cir. 1992). Here, GT has provided Plaintiff with the Grant Thornton, LLP "Cafeteria Plan Document," (DE 178-4), Summary Annual Reports regarding the Grant Thornton Health & Welfare Benefits Plans (DE 178-6 at 33), and Form 5500s for the Grant Thornton Health & Welfare Benefits Plans and LTD benefits (DE 178-9). The Court finds that the 2008 LTD Plan Booklet – Certificate is a summary plan description under 29 C.F.R. § 2520.102-3 as it includes the name of the Plan, Employer Identification Number, and Statement of ERISA rights. Plaintiff has also been provided with the "2008 enrollment guide," which notified GT employees of changes regarding a variety of employee benefit plans, including LTD. Plaintiff has not produced evidence to show that she did not receive these documents or that she has been prejudiced by the fiduciaries' alleged failure to provide her with ERISA-required documents.

Pursuant to 29 U.S.C. § 1103(a), "all assets of an employee benefit plan shall be held in trust by one or more trustees." However, § 1103(b) lists the following exceptions: "any assets of a plan which consist of insurance contracts or policies issued by an insurance company qualified

13

to do business in a State" and "any assets of such an insurance company or any assets of a plan which are held by such an insurance company."  29 U.S.C. § 1103(b)(1), (2).  Defendants have produced evidence supporting the contention that the LTD benefits are insured by Hartford.

The Court finds that Plaintiff has failed to put forth evidence sufficient to show that the plan fiduciaries breached their duties with regard to Counts I, IV, XII, XIII, and XIV. Consequently, the Court respectfully recommends that Defendants' motion for summary judgment as to Counts I, IV, XII, XIII, and XIV be GRANTED.

**6.  Defendants' Motion for Summary Judgment (DE 178) as to Plaintiff's Count XX**

Defendants argue that they are entitled to summary judgment on Count XX of Plaintiff's Amended Complaint (DE 69) because Plaintiff has failed to exhaust administrative remedies for her Retirement Plan claims.  Defendants argue that, under the terms of the Retirement Plan, Plaintiff must first submit a request for the distribution of her retirement benefits, but Plaintiff has never submitted such a request.  (DE 75-3 at 35; DE 114-2, Hutchinson Dec., at ¶ 3).  The Retirement Plan includes claims procedures for a participant to appeal an adverse benefits determination.  (DE 75-3 at 35).

Plaintiff states that, pursuant to the provisions in the 2008 LTD Plan Booklet – Certificate, "Hartford asserted its right to subrogate or offset Pension Plan distributions made on the basis of Disability."  (DE 69 at 37).  In a letter dated August 12, 2013, Plaintiff stated she does not want to submit her Retirement Plan distribution paperwork because she is concerned that, once she receives the distribution, Hartford will take it.  (DE 52-4 at 2).  Additionally, Plaintiff argues that Plaintiff's benefits under the Pension Plans are miscalculated (DE 69 at 39), contains "operational errors" (DE 195 at 21), and is at risk of being "tax disqualified" (DE 69 at 40). Plaintiff contends that she cannot exhaust the claims procedures under the Retirement Plan

(Id. at 41) and that she must inform the Qualified Plans Committee of the errors in her account statement *before* Plaintiff submits her request for distribution (DE 195 at 31).

Defendants have shown that Plaintiff has failed to exhaust her administrative remedies under the Retirement Plan.  A Plaintiff must exhaust available administrative remedies in ERISA actions before bringing suit in federal court.  *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (quoting *Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997)).  Here, Plaintiff has not provided evidence to show that she has submitted a claim or that she followed the procedures laid out in the Retirement Plan.  Plaintiff fails to show what evidence in the Retirement Plan (DE 75-3) or other document requires that Plaintiff correct such purported errors before she submits a claim for benefits.  In fact, the Retirement Plan states that "[c]laims for benefits under the Plan, including any claim with respect to an alleged failure to pay benefits, miscalculation of benefits or other error, may be filed with the Committee on forms supplied by the Committee."  (*Id.* at 35).  The Retirement Plan does *not* state that Plaintiff must inform the Committee about any errors before she submits a claim for benefits. The Court does not find Plaintiff's purported concern that Hartford may take her benefits as an offset a reason for exempting Plaintiff from following the procedures outlined in the Retirement Plan. Accordingly, it is respectfully recommended that Defendants' motion for summary judgment as to Count XX of Plaintiff's Amended Complaint (DE 69) be GRANTED.

## V.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Motion for Summary Judgment (DE 99) be DENIED, and Defendants' Motion for Summary Judgment (DE 178) be GRANTED.

## VI.    NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Robin L. Rosenberg, within **10 days** after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. LR 4(a) (explaining that "[a]ny party may appeal from a Magistrate Judge's order determining a motion . . . within fourteen (14) days after being served with the Magistrate Judge's order, *unless a different time is prescribed by the Magistrate Judge*) (emphasis added).  Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 24 day of December, 2014.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE