UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-CV-60957-ROSENBERG/BRANNON

ELIZABETH JENKINS,

      Plaintiff,

v.

GRANT THORNTON LLP, et al.,

      Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment [DE 99] and Defendants' Motion for Summary Judgment [DE 178]. These Motions were previously referred to the Honorable Dave Lee Brannon for a Report and Recommendation. DE 120, 184. On December 24, 2014, Judge Brannon issued his Report and Recommendations [DE 211] recommending that Plaintiff's Motion for Summary Judgment be denied and Defendants' Motion for Summary Judgment be granted. DE 211 at 1. The Court has conducted a *de novo* review of Magistrate Judge Brannon's Report and Recommendations, has reviewed the Plaintiff's objections [DE 217], has reviewed Defendants' response [DE 221], has reviewed the record, and is otherwise fully advised in the premises.

Upon review, the Court finds Judge Brannon's recommendations to be well reasoned and correct. The Court agrees with the analysis in Judge Brannon's Report and Recommendations and concludes that Plaintiff's Motion for Summary Judgment should be denied and Defendants' Motion for Summary Judgment should be granted. The Court also finds, however, that Plaintiff's objections warrant a brief discussion.

1

The central premise supporting Plaintiff's theory of the case is that a certain summary document, entitled "2008 LTD Booklet-Certificate", was not a plan document for the purposes of the Employment Retirement Income Security Act. Plaintiff states her position as follows:

> The Report at pages 8-9 addresses Count III of the Amended Complaint. There is no LTD Only Plan #501. It does not exist. There is no Plan Document for the non-existent Plan, The 2008 Booklet-Certificate is not the Plan Document for the LTD Only Plan #501, it is an unenforceable sham document. Because it is a clever sham, the 2008 Booklet-Certificate *states it is not* The Plan Document or The Policy. No Participant can file a lawsuit for an ERISA 502(a)(1)(b) Claim for Benefits on the Booklet-Certificate.

DE 217 at p. 10.

Judge Brannon concluded that the Booklet-Certificate document *was* a plan document by citing to, *inter alia*, *Clark v. Hartford Life & Accident Insurance Co.*, 195 F. App'x 932, 935 (11th Cir. 2006) and *Tindell v. Tree of Life, Inc.*, 672 F. Supp. 2d 1300, 1302 n.3 (M.D. Fla. 2009) (citing *Ruiz v. Continental Cas. Co.*, 400 F.3d 986, 990-91 (7th Cir. 2005)). Plaintiff attempts to distinguish the authority relied upon by Judge Brannon by arguing that Judge Brannon's authority is outdated in light of a Supreme Court case, *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011).[1] Although *Amara* does state that summary documents provide information and "do not themselves constitute the *terms* of [a] plan," Plaintiff's reliance upon *Amara* is misplaced and the quotations utilized by Plaintiff are inappropriately taken out of context. *Id.* at 1878.

A plethora of authority exists for the proposition that (i) the holding in *Amara* was specifically targeted towards situations where a summary plan document *conflicts* with a master plan document and (ii) *Amara* does not address situations where a summary document is the *only* plan document. *E.g., Tetreault v. Reliance Standard Life Ins. Co.*, 769 F.3d 49, 55 (1st Cir.

---

[1] Plaintiff's objections on this point include multiple improper attempts to cite to prior orders in this case. Previous legal conclusions of the Court in the context of a denial of a motion to dismiss, which necessarily require that the Court assume all facts in a complaint are true, are not relevant to legal analysis on a motion for summary judgment which in turn is premised upon evidence that is produced in discovery.

2

2014); *Liss v. Fidelity Emp'r Servs. Co.*, 516 F. App'x 468, 473 (6th Cir. 2013). Although the Court's own research has revealed no published Eleventh Circuit case on this issue, the Eleventh Circuit has issued an unpublished opinion that is on point: "*Amara* only precludes courts from enforcing summary plan descriptions, pursuant to § 1132(a)(1), where the terms of that summary *conflict* with the terms specified in other, governing documents. However, the *Amara* Court had no occasion to consider whether the terms of a summary plan description are enforceable where it is the *only* document . . . ." *Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan v. Montanile*, No. 14-11678, 2014 WL 6657049, at *7 (11th Cir. Nov. 25, 2014). Therefore, because there is no plan document in the instant case for the summary Booklet-Certificate document to conflict with, *Amara* is inapplicable and the authority relied upon by Judge Brannon remains good law. Moreover, Judge Brannon's conclusion is reinforced by other district courts that have considered this issue. *L&W Assoc. Welfare Benefit Plan v. Estate of Wines*, No. 12-CV-13524, 2014 WL 117349, at *6 (E.D. Mich. Jan. 13, 2014) ("*Amara* does not support the broad proposition . . . that a [summary-document] can never serve as an ERISA plan document. . . . [T]he Sixth Circuit [has] recognized that where there is no formal ERISA plan separate and apart from the [summary-document], the [summary-document] *is* the relevant plan document.") (citing *Shaffer v. Rawlings Co.*, 424 F. App'x 422, 426 (6th Cir. 2011)). In summary, the Court agrees with Judge Brannon that the Booklet-Certificate is a plan document for the purposes of ERISA in this case.

The Court's decision on this matter reverberates throughout the foundation of Plaintiff's objections. The vast majority of Plaintiff's objections trigger in some fashion off of her contention that there is no plan document in this case. For example, Plaintiff's objections as to Count I, IV, XII, XIII, and XIV are essentially that Judge Brannon "misstates" Plaintiff's "real"

cause of action. DE 217 at 17. The analysis that Plaintiff objects to, however, is merely premised upon Judge Brannon's conclusion that a plan document exists. Furthermore, the ramifications inherent in Plaintiff's contention that there is no plan document extend even further backward in time than the initiation of the instant case; the sequence of events that ultimately resulted in this litigation were derived from Plaintiff's allegation that the Booklet-Certificate was, essentially, a sham and Judge Brannon, as a result of his conclusion as to the Booklet-Certificate, necessarily viewed those events through the lens of his conclusion. For example, many of Judge Brannon's conclusions necessarily consider Plaintiff's failure to appeal the termination of her disability benefits. Although Plaintiff takes the position that she need not appeal a termination of benefits pursuant to a plan that does not exist, Judge Brannon concluded Plaintiff's central premise—the lack of a plan document—was incorrect, and the Court agrees with Judge Brannon's conclusion for the reasons set forth above.

One last point in Plaintiff's objections warrants discussion. A substantial portion of Plaintiff's objections mischaracterize Judge Brannon's evidentiary-based conclusions. For example, Plaintiff repeatedly asserts that Judge Brannon has concluded that "no harm has been done" by Defendants in this case. DE 217 at 14. This misstates Judge Brannon's Report. The relevant conclusion in Judge Brannon's Report is that Plaintiff *has failed to produce evidence of harm to Plaintiff*.[2] Indeed, Plaintiff's failure to produce evidence in response to the evidence supporting Defendants' Motion for Summary Judgment attaches to many of Judge Brannon's conclusions and the Court's own review of the record confirms the accuracy of Judge Brannon's decision. Plaintiff's objections consist primarily of citations to the allegations in her complaint

---

[2] Although Plaintiff makes much of the fact that Judge Brannon's Report does not directly address her claims on behalf of the plan under 29 U.S.C. § 1132(a)(2), it is implicit and apparent from Judge Brannon's discussion and conclusions that Plaintiff's (a)(2) claims fail for the same reason her individual claims fail—a lack of evidence in response to Defendants' motions for summary judgment.

4

and conclusory statements without legal authority—neither of which is persuasive.  By contrast, Defendants have submitted ample evidence in support of their Motion for Summary Judgment.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Brannon's Report and Recommendations on Cross Motions for Summary Judgment [DE 211] is hereby **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment [DE 99] is **DENIED**;

3. Defendants' Motion for Summary Judgment [DE 178] is **GRANTED**;

4. Plaintiff's Motion to Re-Open Discovery [DE 217] is **DENIED**;

5. All pending deadlines and hearings are **TERMINATED** and this case is **REMOVED** from the Court's trial calendar;

6. The Clerk of the Court is directed to **CLOSE THIS CASE**;

7. Defendants' Motion to Continue Trial [DE 219] is **DENIED AS MOOT**; and

8. **All other pending motions are unaffected by this Order and shall remain active as those motions concern peripheral matters.**

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 23rd day of January, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record